THE UNITED STATES DISTRICT COURT
THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


YVONNE BLOUNT

              Plaintiff,                                  Case No. 07-13101

vs.

                                       DISTRICT JUDGE VICTORIA ROBERTS
                                       MAGISTRATE JUDGE STEVEN D. PEPE


GORDON H. MANSFIELD, SECRETARY
DEPARTMENT OF VETERANS AFFAIRS

              Defendant.

_____/


**SCHEDULING ORDER**
AND
**ORDER DENYING PLAINTIFF'S MOTION AMENDING COMPLAINT (DKT #11)**


On July 24, 2007, Plaintiff, acting *pro se*, filed an action against the Department of

Veterans Affairs challenging her dismissal under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e *et. seq.*. Plaintiff sought review of her firing before the Merit

Systems Protection Board (MSPB) in a mixed petition alleging both procedural errors and

affirmative defenses of discrimination/retaliation in violation of Title VII .[1] On April 13, 2007,

---

[1] 5 U.S.C.A. § 7702 (a)(1) :
     Notwithstanding any other provision of law, and except as provided in paragraph
(2) of this subsection, in the case of any employee or applicant for employment who--
(A) has been affected by an action which the employee or applicant may appeal to the Merit
Systems Protection Board, and
(B) alleges that a basis for the action was discrimination prohibited by--
(I) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),
(ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
(iii) section 50 of the Rehabilitation Act of 1973 (29 U.S.C. 791),

the MSPB issued a final decision denying her claims of discrimination and other claims. Plaintiff sought review before the Equal Employment Opportunity Commission (EEOC) under 5 U.S.C. 7702(b)(1).[2] The EEOC concurred with the decision of the MSPB, making that decision reviewable in this Court under 5 U.S.C. 7702(b)(1).[3] Plaintiff received her right to sue letter on June 26, 2007. This action was brought pursuant to 5 U.S.C. 7703(b) because there was a EEOC review of the MSPB decision under 5 U.S.C.§ 7702(b)(1) and the Commissioner concurred in the MSPB determination.[4]

---

(iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or

(v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (I) through (iv) of this subparagraph, the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section.

[2] 5 U.S.C.§ 7702(b)(1):
An employee or applicant may, within 30 days after notice of the decision of the Board under subsection (a)(1) of this section, petition the Commission to consider the decision.

[3] 5 U.S.C.A. § 7702(b) (5)(A):
If the Commission concurs pursuant to paragraph (3)(A) of this subsection in the decision of the Board, the decision of the Board shall be a judicially reviewable action.

[4] 5 U.S.C.A. § 7703 (b) (2):
Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under section 717(c) of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16(c)), section 15(c) of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 633a(c)), and section 16(b) of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. 216(b)), as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702.

After filing this claim and Defendant's filing an answer (Dkt. # 6), Plaintiff filed a

Motion to Amend her complaint on October 30, 2007 (Dkt. # 11). All pretrial matters were

referred on October 19, 2007, under 28 U.S.C. § 636(b)(1) (Dkt. # 7). A telephonic status

conference was set and held on this date (Dkt. # 9).

At the status conference it was unclear whether an amendment of the Complaint is

needed. Plaintiff and defense counsel agreed that Plaintiff's claim will be allowed to proceed on

a review of both her Title VII claims and her claims of procedural errors in the MSPB decision

related to employment policies and procedures. Plaintiff's complaint will be deemed to have

these two components.

1. A Title VII claim; and

2. A MSPB decision review involving asserted procedural errors related to employment

policies and procedures.

While reviews of MSPB final decisions, other than mixed actions involving

discrimination claims, are brought in the Federal Circuit under 5 U.S.C. § 7703(b)(1), mixed

petitions involving discrimination claims are amenable to judicial review in the district court

under 5 U.S.C. § 7703(b)(2).[5] As noted in *Butler v. West,* 164 F.3d 634, 637 (D.C. Cir. 1999),

---

[5] 5 U.S.C.A. § 7702 (a)(3):
 Any decision of the Board under paragraph (1) of this subsection shall be a
judicially reviewable action as of--

(A) the date of issuance of the decision if the employee or applicant does not file
a petition with the Equal Employment Opportunity Commission under subsection
(b)(1) of this section, or
(B) the date the Commission determines not to consider the decision under
subsection (b)(2) of this section.

there are alternative routes to federal district court jurisdiction over a MSPB decision. Instead of using or needing direct federal court review of the MSPB decision under 5 U.S.C. § 7703 (b)(2), Plaintiff first sought EEOC review of the MSPB decision under 5 U.S.C.§ 7702(b)(1). Once the Commissioner concurred with the MSPB decision, both the EEOC and the MSPB decisions come before this Court under 5 U.S.C. § 7702(b)(5)(A).

On Plaintiff's discrimination claim, she "shall have the right to have the facts subject to trial *de novo* by the reviewing court." 5 U.S.C. § 7703(c). Yet, this court's review of nondiscrimination claims involving alleged procedural errors related to employment policies and procedures requires that review shall be based "on the administrative record" before the MSPB. This Court may set aside the MSPB's determinations only when "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or when "obtained without procedures required by law, rule or regulation having been followed," or if "unsupported by substantial evidence." 5 U.S.C. § 7703(c)(1)-(3).[6] *See also Butler*, 164 F.3d at 638 .

---

[6] 5 U.S.C.A. § 7703(c) :

In any case filed in the United States Court of Appeals for the Federal Circuit, the court shall review the record and hold unlawful and set aside any agency action, findings, or conclusions found to be--
(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
(2) obtained without procedures required by law, rule, or regulation having been followed; or
(3) unsupported by substantial evidence;
except that in the case of discrimination brought under any section referred to in subsection (b)(2) of this section, the employee or applicant shall have the right to have the facts subject to trial de novo by the reviewing court.

Thus, Plaintiff's Motion to Amend is DENIED as unnecessary.  While Plaintiff's complaint and attachments indicated this was only a Title VII claim, it is now clear the claims also involve review of a MSPB decision with alleged errors related to employment policies and procedures. Plaintiff  may proceed on her Title VII discrimination and retaliation claims and also upon her procedural claims related to employment policies and procedural errors asserted in regard to the MSPB decision.   Now that is clear Plaintiff is challenging  the MSPB decision on procedural grounds as well as discrimination/retaliation, Defendant shall be provided 30 days to assert any further defenses to those procedural claims.

For the reasons indicated below, **IT IS ORDERED THAT**:

1. Defendant shall have thirty (30) days to assert any additional defenses related to Plaintiff's procedural challenges to the MSPB decision.

2. Defendant shall have sixty (60) days to submit to the Court a certified and judge's copy of the MSPB administrative record with a copy also to Plaintiff.

3. Plaintiff shall file a motion for summary judgment within sixty (60) days of being provided a copy of the MSPB administrative record noting why she asserts under 5 U.S.C. § 7703(c)(1)-(3) that  the MSPB decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," or  was "obtained without procedures required by law, rule or regulation having been followed", or "unsupported by substantial evidence."

4. Defendant shall have 30 days to file a response and cross motion for summary judgment on the MSPB decision procedural issues.

5. By stipulation of Plaintiff at the hearing, her Title VII claims will be limited to gender discrimination, disabilities discrimination, and retaliation or reprisal for prior protected EEOC activity, and she is not pursuing a discrimination claim based on religion, age or race.

6. Discovery on the Title VII claims of discrimination and retaliation shall be closed on April 30, 2008, and all discovery requests under Fed. R. Civ. P. 30 - 36 shall be submitted in a timely fashion so that responses will be provided and motions to compel filed on or before April 30, 2008.

7. Dispositive motions other than as noted above, shall be filed on or before May30, 2008.

8 A settlement conference is scheduled in the chambers of the undersigned at the Federal Building, 200 E. Liberty Street, Ann Arbor MI on Wednesday, May 14, 2008.

9. The final pretrial and trial dates will be scheduled by Judge Roberts.


The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1)Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.


**SO ORDERED.**


Date: November 15, 2007                         s/Steven D. Pepe
Ann Arbor, Michigan                              United States Magistrate Judge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on <u>November 15, 2007</u>, I electronically filed the foregoing paper with the Clerk  Court using the ECF system which will send electronic notification to the following: <u>Vanessa Miree Mays</u> and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:<u>Yvonne Blount, 20555Avon, Detroit, MI 48219</u>

<u>s/ James P. Peltier</u>
James P. Peltier
Courtroom Deputy Clerk
U.S. District Court
600 Church St.
Flint, MI 48502
810-341-7850
pete_peliter@mied.uscourts.gov