UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE BLOUNT,

          Plaintiff(s),         CASE NUMBER: 07-13101
                                                   HONORABLE VICTORIA A. ROBERTS

v.

GORDON H. MANSFIELD, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

          Defendant(s).
_____/

## ORDER DENYING PLAINTIFF'S OBJECTION TO ORDER (DOC. #26)

On May 5, 2006, Plaintiff was removed from her employment at the Department of Veterans Affairs ("DVA"). Plaintiff sought review of her firing by the Merit Systems Protection Board ("MSPB"), which denied her claims of procedural error and unlawful discrimination and/or retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

On July 24, 2007, acting *pro se*, Plaintiff sued the DVA for violating Title VII, and sought judicial review of the MSPB's decision (Doc. #1). The case was referred for pretrial matters to Magistrate Judge Steven D. Pepe (Doc. #7). On November 15, 2007, Magistrate Judge Pepe issued a Scheduling Order (Doc. #12). Under it:

1. Plaintiff had until March 15, 2008 to file a motion for summary judgment on her MSPB claims;
2. Defendant had until April 15, 2008 to file a response and cross motion for summary judgment on the MSPB decision;
3. The parties had until April 30, 2008 to pursue discovery on Plaintiff's Title VII claims and to file all discovery requests;
4. The parties had until May 30, 2008 to file dispositive motions on Plaintiff's Title VII claims.

1

On March 17, and contrary to the Magistrate Judge's order, Plaintiff submitted a motion for summary judgment on both her MSPB and Title VII claims (Doc. #16). Defendant filed a cross motion for summary judgment only on the MSPB decision on April 18 (Doc. #19), and a motion for summary judgment on Plaintiff's Title VII claims on May 30 (Doc. #23). Plaintiff responded to Defendant's motion on Title VII claims on June 12 (Doc. #24).

On March 26, after filing her summary judgment motion, but before the end of discovery, Plaintiff submitted a Request for Production of Documents (Doc. #17). She requested to receive "a list of all bargaining unit employees from May, 2006, through April 1, 2008," and to know if her replacement was a member of the bargaining unit union. On July 18, the Magistrate Judge found that Plaintiff's request was overly broad and she failed to establish the requested documents' relevance; he ordered that Defendant provide Plaintiff with a list of people who were members of the bargaining unit as of May 5, 2006, the date of Plaintiff's discharge, and disclose the union status of Plaintiff's replacement (Doc. #25) ("Order"). By letter dated August 13, Defendant supplied Plaintiff with the requisite documents.

On July 24, Plaintiff filed a timely Objection to the Order (Doc. #26), stating

> On January 7, 2008, and March 27, 2008, [P]laintiff submitted to the [C]ourt and to [Defendant] [a] discovery request . . . These request[s] were needed to [e]ffectively complete Plaintiff[']s Motion for Summ[a]ry Judgment. These request[s] contained but [are] not limited to request for timekeeping documentation and reports that could not be obtained from some other source. In keeping with the timeframes Plaintiff had to submit her Motion for Summ[a]ry Judgment without the requested information.

(Pl.'s Objection at 1.) Plaintiff's Objection also stated that "Defendant came to a settlement conference unprepared." While the Order does mention that a settlement

2

conference had occurred, it makes no rulings concerning this failed attempt. Thus, the Court considers only Plaintiff's Objection regarding her document requests.

When reviewing a magistrate judge's order on a preliminary, non-dispositive matter, a district court must assess whether the order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *U.S. v. Curtis*, 237 F.3d 598, 602-03 (6th Cir. 2001). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *U.S. v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Hagaman v. Commissioner of Internal Revenue*, 958 F.2d 684, 690 (6th Cir. 1992). If two permissible views of the evidence exist, a magistrate judge's decision cannot be "clearly erroneous." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985).

The Order to which Plaintiff objects is neither clearly erroneous nor contrary to law. In his ruling, the Magistrate Judge noted that Plaintiff did not offer any rationale for her document request, and that she submitted the request *after* filing her summary judgment motion. Nevertheless, he granted Plaintiff's request as to her successor's union status, and ordered Defendant to produce a list of all bargaining unit employees during the relevant time period. Plaintiff filed her Objection before Defendant complied with the Order, but it did so within the allotted 30 day period. Since receiving these documents, Plaintiff has neither sought to amend her summary judgment motion, nor has she made a substantiated claim that, had she obtained this information sooner, she would have prevailed on her motion.

Finally, Plaintiff's reference to a discovery request dated January 7, 2008 is

unsubstantiated. There is no trace of any such request in the docket, and Plaintiff has not supplied a copy of her request to the Court. In any case, the Magistrate Judge's Order deals exclusively with Plaintiff's March 26 request for a list of all bargaining unit employees from May, 2006, through April 1, 2008 (Doc. #17). Plaintiff does not provide any ground upon which to find that the Magistrate Judge clearly erred in limiting discovery to bargaining unit employees as of May 5, 2006.

For these reasons, the Court **AFFIRMS** the July 18, 2008 Order (Doc. #25).

**IT IS ORDERED**.

                                                s/Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: November 4, 2008

> The undersigned certifies that a copy of this document was served on the attorneys of record and Yvonne Blount by electronic means or U.S. Mail on November 4, 2008.
>
> s/Carol A. Pinegar
> Deputy Clerk