UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE BLOUNT,

                  Plaintiff(s),                CASE NUMBER: 07-13101
                                           HONORABLE VICTORIA A. ROBERTS

v.

GORDON H. MANSFIELD, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

                  Defendant(s).

_____/

## ORDER DENYING PLAINTIFF'S MOTION (DOC. #29)

**I.     INTRODUCTION**

Plaintiff filed this Motion to (1) Compel Initial Discovery; (2) Compel Compliance with Scheduling Order; (3) Compel Defendant to Comply with Settlement Conference Instructions; and for (4) Contempt and Sanctions (Doc. #29). For the following reasons, Plaintiff's Motion is **DENIED**.

**II.    BACKGROUND**

On May 5, 2006, Plaintiff was removed from her employment at the Department of Veterans Affairs ("DVA"). Plaintiff sought review of her firing by the Merit Systems Protection Board ("MSPB"), which denied her claims of procedural error and unlawful discrimination and/or retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

On July 24, 2007, acting *pro se*, Plaintiff sued the DVA for violating Title VII, and sought judicial review of the MSPB's decision (Doc. #1). The case was referred for

1

pretrial matters to Magistrate Judge Steven D. Pepe (Doc. #7). On November 15, 2007,

Magistrate Judge Pepe issued a Scheduling Order (Doc. #12). Under it:

1. Plaintiff had until March 15, 2008 to file a motion for summary judgment on her MSPB claims;
2. Defendant had until April 15, 2008 to file a response and cross motion for summary judgment on the MSPB decision;
3. The parties had until April 30, 2008 to pursue discovery on Plaintiff's Title VII claims and to file all discovery requests;
4. The parties had until May 30, 2008 to file dispositive motions on Plaintiff's Title VII claims.

On March 17, Plaintiff submitted a motion for summary judgment on both her

MSPB and Title VII claims (Doc. #16). On March 26, after filing her motion but before

the end of discovery, Plaintiff submitted a Request for Production of Documents (Doc.

#17) which the Magistrate Judge granted in part on July 18 (Doc. #25). Plaintiff

objected to this ruling (Doc. #26), but this Court affirmed the Magistrate Judge's Order

(Doc. #30).

Defendant filed a cross motion for summary judgment on the MSPB decision on

April 18 (Doc. #19), and a motion for summary judgment on Plaintiff's Title VII claims on

May 30 (Doc. #23), to which Plaintiff responded on June 12 (Doc. #24). In his Report

and Recommendation dated September 25, the Magistrate Judge advised the Court to

DENY Plaintiff's motion and GRANT Defendant's motions. Plaintiff did not file any

objections to the Report and Recommendation.

On September 22, before the Report and Recommendation was filed, Plaintiff

mailed this Motion to the Court. Plaintiff does not use the Court's Electronic Case Filing

system; thus, the docket reflects this Motion as being filed on September 29, 2008.

III.    ANALYSIS

The Court reviews each aspect of Plaintiff's motion separately.

**A.     Motion to Compel Initial Discovery**

Plaintiff's Motion to Compel Initial Discovery is untimely; discovery concluded on April 30, the parties filed their dispositive motions and the Magistrate Judge issued his Report and Recommendation, to which Plaintiff has not filed objections.  In any case, Plaintiff's motion simply reprises word for word her objections to the Magistrate Judge's Order on her March 26 discovery request.  Plaintiff does not provide any additional information that could give the Court pause or change its determination.  Accordingly, Plaintiff's Motion to Compel Initial Discovery is **DENIED**.

**B.     Motion to Compel Compliance with Scheduling Order**

Plaintiff's Motion to Compel Compliance with Scheduling Order is untimely as well.  Furthermore, there is no evidence upon which to find that the few delays in the discovery process were due to "tactics and trickery," as Plaintiff asserts.  It is true that Defendant released some documents on August 13, well after the close of discovery, pursuant to the Magistrate Judge's July 18 Order.  However, Plaintiff has yet to make a substantiated claim that, had she obtained this information sooner, she would have prevailed on her summary judgment motion.  Plaintiff has not explained either why she filed her summary judgment motion on Title VII claims in March, when she had until May 30 to do so.  Plaintiff's Motion to Compel Compliance with Scheduling Order is **DENIED**.

**C.     Motion to Compel Defendant to Comply with Settlement Conference Instructions**

Plaintiff asserts that "Defendant[']s attorney totally disregarded the Magistrate[']s instructions in the settlement conference date[d] May 14, 2008, to have ready a

settlement offer and to contact plaintiff within two weeks after settlement conference."
(Pl.'s Mot. at 3.)  This claim reprises allegations in Plaintiff's Response to Defendant's
summary judgment motion on Title VII claims (Doc. #24) and in her Objection to the
Magistrate Judge's Order on her discovery request (Doc. #26).

The May 14 settlement conference took place at the Magistrate Judge's directive.
The Court is not aware of what transpired at this conference, except that it ultimately
failed.  Thus, claims regarding Defendant's alleged failure to comply with instructions
are not properly before this court, but should be addressed to Magistrate Judge Pepe.

Plaintiff's Motion to Compel Defendant to Comply with Settlement Conference
Instructions is **DENIED**.

### D.    Motion for Contempt and Sanctions

The Court reviewed and denied each element of Plaintiff's Motion.  Furthermore,
the Court reviewed the record and the Report and Recommendation and found no
cause for finding contempt or imposing sanctions.  Plaintiff's Motion for Contempt and
Sanctions is **DENIED**.

### IV.    CONCLUSION

Plaintiff's motion is **DENIED**.

**IT IS ORDERED**.

|  | S/Victoria A. Roberts |
| --- | --- |
|  | Victoria A. Roberts |
| Dated:  November 4, 2008 | United States District Judge |

The undersigned certifies that a copy of this document was served on the attorneys of record and Yvonne Blount by electronic means or U.S. Mail on November 4, 2008.

s/Carol A. Pinegar
Deputy Clerk