UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE BLOUNT,

        Plaintiff(s),        CASE NUMBER: 07-13101
                                           HONORABLE VICTORIA A. ROBERTS

v.

GORDON H. MANSFIELD, SECRETARY,
DEPARTMENT OF VETERANS AFFAIRS,

        Defendant(s).
_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

On July 24, 2007, acting *pro se*, Plaintiff sued the Department of Veterans Affairs, alleging violations of Title VII. The case was referred for pretrial matters to Magistrate Judge Steven D. Pepe.

On September 25, 2008, the Magistrate Judge submitted his Report and Recommendation (Doc. #28), advising the Court to deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motions for Summary Judgment. The same day, the parties were served with copies of the Report and Recommendation by electronic means or U.S. Mail. Neither party filed objections, and thus, on November 4, the Court adopted the Magistrate Judge's Report and Recommendation and entered judgment in favor of Defendant (Docs. #32-33).

On November 10, Plaintiff moved for the Court to reconsider its Order, on grounds that she never received the Report and Recommendation and would have filed timely objections otherwise. Plaintiff has resided at the same address since she filed her complaint; she received all prior court filings and documents, and she received the

1

Court's Order adopting the Report and Recommendation.

A party's failure to file timely objections to a magistrate judge's report and recommendation constitutes waiver of that party's right to appeal the court's judgment. *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008) (*citing United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981)). However, the Sixth Circuit "may excuse such default in the interest of justice." *Johnson v. Enterline*, 23 Fed. Appx. 446, 447 (6th Cir. 2001) (*citing United States v. Real Property Located at 1184 Drycreek Rd.*, 174 F.3d 720, 725-26 (6th Cir. 1999)). In *Kent v. Johnson*, the court explained that the interest of justice must be weighed on a case by case basis.

> While, under the federal rules, receipt is presumed three days after mailing, the unrefuted allegation of delayed receipt should be considered in weighing the "interests of justice." We wish to stress, however, that we do not recognize the mere allegation of delayed receipt as a formal exception to Walters for fear that the exception will swallow the rule.

821 F.2d 1220, 1223 (6th Cir. 1987)

Here, the Court finds no reason to deviate from the waiver rule. First, Plaintiff's allegation that she did not receive the Report and Recommendation is uncorroborated by affidavit. It is "well settled that proof that a letter properly directed was placed in a post office, creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed." *Hagner v. United States*, 285 U.S. 427, 430 (1932) (*citing Rosenthal v. Walker*, 111 U.S. 185, 193 (1884)); *Crosby v. Rohm & Haas Co.*, 480 F.3d 423, 430 (6th Cir. 2007). In addition, the Court waited until after the deadline to enter its Order, and no objections were ever filed. *See Kent*, 821 F.2d at 1223 (making an exception to the waiver rule where the district court entered its order before deadline and objections were filed a day late). *C.f. Johnson v.*

2

*United States*, No. 89-1995, 1990 U.S. App. LEXIS 19816, at *5-6 (6th Cir. Oct. 12, 1990) (unpublished) (unsubstantiated allegations that objections were filed are insufficient to make an exception to the waiver rule).

Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS ORDERED**.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 13, 2009

The undersigned certifies that a copy of this document was served on the attorneys of record and Yvonne Blount by electronic means or U.S. Mail on July 13, 2009.

s/Carol A. Pinegar
Deputy Clerk